[No. B022925. Second Dist., Div. Six. Sept. 18, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
GUILLERMO MARTINEZ DOMINGUEZ, Defendant and
Appellant.

COUNSEL

Ildefonso L. Ruiz for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John R. Gorey and Tricia A. Bigelow, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

ABBE, J.—The sole issue presented by this appeal is whether the police had sufficient information to temporarily stop and detain appellant when he

was driving an automobile. We find the detention was permissible under the Fourth Amendment and affirm his conviction of possession of heroin for sale (Health & Saf. Code, § 11351) in an amount over 14.25 grams (Pen. Code, § 1203.07, subd. (a)(1)).

Officer Johnson of the Port Hueneme Police Department had recently been told by a department detective that a male Mexican driving a described pickup truck was being investigated for selling heroin. While on patrol on May 5, 1986, he saw a pickup matching the description with a lone male driver. He radioed the license plate number to a dispatcher and requested a warrant check.

The dispatcher notified Johnson that a misdemeanor arrest warrant had been issued on the possible driver of the vehicle. The officer then stopped appellant and asked him for his license. Appellant instead produced a California identification card.

Officer Johnson then requested the name of the person on the arrest warrant which was cross-referenced to the vehicle plate. He was informed the person's name was that of a woman. He was then told a separate arrest warrant, not cross-referenced with the license plate, was out on appellant. Appellant was arrested on that warrant. A search during booking revealed the heroin which was the basis of his conviction.

Whether an unknown driver of a vehicle can, consistent with the Fourth Amendment, be briefly stopped to determine if he or she is a person wanted on an arrest warrant, or if not, whether he or she knows the whereabouts of that person is similar to the question recently answered in the affirmative by the United States Supreme Court in *United States* v. *Hensley* (1985) 469 U.S. 221 [83 L.Ed.2d 604, 105 S.Ct. 675] (hereafter *Hensley*). In *Hensley* the officers briefly stopped and detained a known driver who was wanted for investigatory questioning by a different police jurisdiction while attempting to find out whether a warrant of arrest had been issued for him. There, as here, an independent basis for arrest developed within a few minutes of the initial stop. The Supreme Court held the stop to be constitutionally permissible when the minimally intrusive nature of the stop and detention was balanced against the law enforcement interest being advanced. The same is true here.

The United States Supreme Court has set out the criteria for determining the lawfulness of seizures which are less intrusive than an arrest; whether such stops are reasonable depends on the balancing of the public interest advanced in making the seizure against the individual's right to be free from arbitrary interference by law officers. (*Brown* v. *Texas* (1979) 443

U.S. 47, 50 [61 L.Ed.2d 357, 361, 99 S.Ct. 2637].) The central concern in balancing these competing interests is to assure the individual's reasonable expectation of privacy is not subject to arbitrary invasions based solely on the unfettered discretion of individual police officers. (*Id.*, p. 51 [61 L.Ed.2d at p. 362].)

■ A brief stop at the side of a public roadway initiated by a uniformed officer in a marked police car and being asked to identify one's self and/or be asked limited questions as to the whereabouts of a previous driver of the vehicle involves a minimal intrusion on personal security like that in *Hensley*. If the person detained is the one for whom the arrest warrant has been issued, the greater intrusion of arrest will obviously be justified by the warrant authorizing the arrest.

If the person detained is not the one on the warrant, he or she will normally be briefly questioned regarding the person wanted and the detention ended. Such a procedure is almost identical to being questioned in one's yard or at the doorstep to one's home if contacted there by officers attempting to serve a warrant on a person whose last given address is at that location.

Balanced against this minimal intrusion into the protected Fourth Amendment security of the car's occupant is a significant law enforcement interest in arresting persons for whom a warrant has been issued upon a judicial determination of probable cause. The decision whether to detain for investigation is not one left to unfettered discretion or arbitrary invasion. An objectively verifiable fact, i.e., the issuance of an arrest warrant and the connection between that arrestee and the vehicle detained, is required before a detention is constitutionally permissible. The outstanding warrant implies the police have been unable to locate the subject thereof. The public and law enforcement interests in effecting arrests and bringing offenders to trial are substantial. (*Hensley, supra,* 469 U.S. at p. 229 [83 L.Ed.2d at p. 612].)

To require the officer to wait until the receipt of further information does not secure the societal interest in bringing to court persons for whom a warrant has been issued. The delay which could ensue by requiring police to obtain additional information on the name and physical description of the person named in the warrant could permit the subject to flee or otherwise jeopardize the opportunity to serve the warrant or attempt to locate the subject. It would be manifestly unreasonable to limit automobile detentions relating to service of misdemeanor arrest warrants to only those occasions when the police are reasonably certain the named arrestee is present in the vehicle. It would limit such detentions to those rare occasions when the

police, based on a hurried look at persons in moving vehicles with clear visibility and under good lighting conditions, could reasonably determine a person matching the description of the person on the warrant was currently present in the vehicle. To do so would give no weight to a public or law enforcement interest in making an arrest of, or obtaining information about the present whereabouts of the person named in the warrant.

The judgment is affirmed.

Stone, P. J., and Gilbert, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 16, 1987.